AXELROD, GOODMAN, STEINER & BAZELON, Plaintiffs-Appellees, *v.* CHICAGO MESSENGER SERVICE, INC., Defendant-Appellant.

First District (3rd Division)   No. 78-1765

Opinion filed June 20, 1979.

Martin Tiersky, of Lincolnwood, for appellant.

Marc J. Blumenthal, of Chicago, for appellees.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

On October 12, 1976, the plaintiffs, members of a law firm, brought this action against defendant for attorneys' fees and expenses. After a trial without a jury, the trial court entered judgment for plaintiffs in the amount of $1,060.01. On appeal the primary issue is whether plaintiffs' suit for fees and expenses is barred by the statute of limitations. Ill. Rev. Stat. 1975, ch. 83, par. 16.

Plaintiffs are attorneys who specialize in representing motor carriers before administrative agencies. Defendant is a motor carrier operating in Illinois pursuant to a license issued by the Illinois Commerce Commission. The pertinent facts are as follows.

In September 1970, plaintiffs represented defendant before the commission in connection with an application for the proposed acquisition of another company. On September 18, 1970, plaintiffs billed defendant $100 for these services. In January 1971, plaintiffs obtained intrastate operating authority for defendant from the commission. These services were completed in April 1971, by which time plaintiffs had sent a total bill of $750 to defendant. In 1971 plaintiffs represented defendant in obtaining Indiana intrastate registration and, on April 30, 1971, plaintiffs billed defendant $100 for these services. Plaintiffs also billed defendant $45.01 for expenses arising out of the foregoing transactions.

Additionally, between June 28, 1971, and October 26, 1972, plaintiffs sent defendant bills for photocopying in a total amount of $65. Edward Bazelon, one of the plaintiffs, testified that plaintiffs represented an association of motor carriers known as the Messenger Association of Illinois. Plaintiffs routinely filed objections or protests on behalf of all members of the association so requesting whenever a motor carrier sought authority from the commission. Plaintiffs' fees for these objections were paid by the association, but the costs, including the $65 photocopying bills sent to defendant, were apportioned to members of the association by plaintiffs. None of the photocopying bills sent to defendant related to the three individual representations by plaintiffs on behalf of defendant.

Defendant's principal contention is that the suit for $950 in fees and $45.01 in expenses is barred by the statute of limitations.

■■ Under section 15 of the Limitations Act the time period provided for enforcement of an oral contract is five years after the date on which the cause of action accrued. (Ill. Rev. Stat. 1975, ch. 83, par. 16.) A cause of action for enforcement of an attorney's professional services contract to conduct certain litigation accrues from the time the services contracted for have been performed by the ending of the action or by termination of the retainer in some other manner. *Matchett v. Rose* (1976), 36 Ill. App. 3d 638, 344 N.E.2d 770.

■■ In the present case, plaintiffs represented defendant before the commission in three matters. The last services rendered by plaintiffs were concluded by April 1971. Consequently, the cause of action as to these services accrued by April 30, 1971, when the work was completed and all the bills for fees had been sent to defendant. The present action was not commenced until October 12, 1976. More than five years had elapsed, and the suit for fees was thus barred by the statute of limitations.

Plaintiffs suggest, however, that a continuing relationship existed between defendant and them. Plaintiffs maintain that since they represented the Messenger Association of Illinois in filing protests or objections before the commission on behalf of the association, and since defendant was an association member which sustained benefits from plaintiffs' services, the statute of limitations did not begin to run. This representation of the association did not constitute a continuing lawyer-client relationship between plaintiffs and defendant. The association, which retained plaintiffs, paid plaintiffs their fees. The relationship between the parties to this suit underwent a fundamental change at the conclusion of the specific legal services rendered to defendant. The three services rendered by plaintiffs to defendant were unrelated to and separate from each other, and also were unrelated to the services rendered to members of the association by plaintiffs. The present suit for fees was commenced more than five years after the cause of action accrued. The statute of limitations barred the action and the court erred in not granting judgment to defendant on the matter of fees.

As to the photocopying costs of $65, it is undisputed that the final invoice was mailed in 1972, well within the five years prior to the filing of the present suit. Defendant contends, however, that plaintiffs failed to prove that they were entitled to reimbursement for these costs.

Plaintiffs introduced the four invoices covering the photocopying costs, and we do not believe the determination by the trial court that plaintiffs were entitled to reimbursement of the $65 for those costs was contrary to the manifest weight of the evidence.

For the reasons stated, the judgment of the circuit court of Cook County awarding $65 and costs to plaintiffs is affirmed. The balance of the judgment is reversed.

Affirmed in part; reversed in part.

McGILLICUDDY and RIZZI, JJ., concur.